**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **SANIYAH DOMONIQUE GRAHAM,** | : | |
| | : | |
| **Plaintiff,** | : | **CASE NO:** |
| **v.** | : | **1:25-cv-135–WLS** |
| **STEVEN SCHULTZ and** | : | |
| **HENRY MORENO,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

# ORDER

Before the Court is Defendant's Motion to Dismiss as to Plaintiff's First Amended Complaint and Incorporated Memorandum of Law in Support (Doc. 8) ("Motion to Dismiss"). For the reasons discussed below, the Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## I. Procedural Background

Plaintiffs commenced the above-captioned action on August 29, 2025, by filing a Complaint and exhibits (Doc. 1-8 at 2–19) against Defendants Steven Schultz and Henry Moreno in their individual and official capacities, in the Superior Court of Dougherty County, Georgia. On October 6, 2025, Defendants filed a Notice of Removal (Doc. 1), pursuant to 28 U.S.C. § 1331, invoking this Court's federal and supplemental jurisdiction.

After removal, on November 6, 2025, Plaintiff filed the operative First Amended Complaint (Doc. 5) ("Amended Complaint"). Specifically, Plaintiff asserts as Count I state law claims against Defendants for false arrest, false imprisonment, and malicious prosecution. Under Count II, Plaintiff asserts claims for false arrest, false imprisonment, malicious prosecution, and unlawful search and seizure of Plaintiff in violation of her Fourth and Fourteenth Amendment rights. In Count III, Plaintiffs asserts claims for general damages for emotional distress and pain and suffering, punitive damages, and an award of reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988 and state law.

On November 19, 2025, Defendants filed the instant Motion to Dismiss seeking dismissal of the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff filed a timely Response (Doc. 9) and Defendants filed their timely Reply (Doc. 11) thereto. Thus, the Motion to Dismiss is fully briefed and ripe for resolution.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim for relief that is plausible, and not merely conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (per curiam)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (per curiam)).

The Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). "In evaluating the sufficiency of a plaintiff's pleadings, [the Court] make[s] reasonable inferences in plaintiff's favor, but [the Court is] not required to draw plaintiff's inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal quotation marks and citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). The Supreme Court instructs that while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555)).

When considering a motion to dismiss, "the court limits its consideration to the pleadings and exhibits attached thereto." *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006) (internal quotation marks omitted); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all

purposes."). Typically, a motion to dismiss must be converted into a motion for summary judgment when a district court considers matters outside the pleadings. Fed. R. Civ. P. 12(d). "However, there are two exceptions to this conversion rule: (1) the incorporation-by-reference doctrine and (2) judicial notice." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1298 (11th Cir. 2024). In *Johnson*, the Eleventh Circuit clarified when a court may consider a document not attached to a complaint under the incorporation-by-reference doctrine." *Id.* at 1298. The Circuit stated that:

> [W]hen resolving a motion to dismiss . . ., a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged.

*Id.* at 1300.

## III. MOTION TO DISMISS

### A. Allegations

Plaintiff alleges that on or about June 20, 2024 at 12:20 a.m. Yahira Clark struck the 2016 Honda Accord ("Honda") that Plaintiff was driving. (Doc. 5 ¶ 10). The incident occurred at a Circle K convenience store located at 300 E. Oakridge Dr., Albany, Ga. ("Circle K"). (*Id.* ¶ 11). Plaintiff did not initially report the accident to the police because she did not realize how much damage had been done to the Honda. She reported the incident to police on June 20, 2024 at 8:13 a.m. and Defendants came to Plaintiff's home to interview her. (*Id.* ¶ 12). During the interview, Plaintiff told Defendants what had happened and that the incident occurred between 12:10 a.m. and 12:40 a.m. at the Circle K. Plaintiff also gave Defendants Yahira Clark's contact information. (*Id.* ¶¶ 12–15).

Defendants went to the Circle K to view and obtain a copy of the video. (*Id.* ¶¶ 17–18). Defendants reviewed the video for the timeframe 12:10 a.m. to 12:40 a.m. but observed only an interaction between a male and female driving a white car and a black car during the timeframe provided by Plaintiff. (*Id.* ¶ 19; *see also* Albany Police Dept. Incident/Investigation Report, Doc. 9-1 at 5 [hereinafter "Police Report"[1]). Defendants again interview Plaintiff, this

[1] Although not attached to the Amended Complaint, the Albany Police Dept. Incident/Investigation Report is referred to in the Amended Complaint and is properly incorporated by reference as it is (1) central to the

time at her place of employment. They showed her the video, and she confirmed that the incident they found was not her. (Doc. 5 ¶¶ 20, 29, 30 & Police Report at 4). Defendant had Plaintiff provide a written statement in which she again put the timeframe of 12:10 a.m. to 12:40 a.m. on June 20, 2024. (Doc. 5 ¶ 29; Police Report at 4). Defendants told Plaintiff, "that falsifying her written statement would result in a felony." (Doc. 5 ¶¶ 21, 23). Plaintiff told Defendants that she could have gotten the time wrong and that the incident may have occurred at 10:30 p.m. on June 19, 2024. (Police Report at 4). Plaintiff asserts that at this point, the Defendants had not interviewed Yahira Clark. (Doc. 5 ¶ 31).

Defendants returned to the Circle K and reviewed the video again during the timeframe of 10:30 p.m. on June 19, 2024 to 2:00 a.m. on June 20, 2024. (Doc. 5 ¶¶ 32–33;[2] Police Report at 4). Again, Defendants did not observe the incident described by Plaintiff. Therefore, they returned to Plaintiff's place of employment, placed her under arrest and took her to the Dougherty County Jail. (Doc. 5 ¶¶ 34–39).

After Plaintiff's arrest, her mother, Santana Graham, spoke to Captain Griffin, of the Albany Police Department who ordered Defendants to interview Yahira Clark. (*Id.* ¶¶ 41–42). Yahira Clark told Defendants that she had parked too close to Plaintiff's vehicle and had scratched the vehicle. (Police Report at 4).

Defendants then accompanied another officer, Lt. Hutcherson to the Circle K where Lt. Hutcherson observed the Honda driven by Plaintiff at 12:20 a.m., which was during the timeframe specified by Plaintiff of June 20, 2024 between 12:10 a.m. and 12:40 a.m. (Doc. 5 ¶¶ 44–47). Defendants returned to Dougherty County Jail and completed the form to drop the charges against Plaintiff. (*Id.* ¶ 48).

**B. Parties' Positions**

Defendants move for partial dismissal of the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Specifically, they move to dismiss (1) all official-

---

plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged. *See Johnson*, 107 F.4th at 1300.

[2] Plaintiff's Amended Complaint states the Defendants viewed the video for the time period on June 24, 2024, between 12:10 a.m. and 12:40 a.m. (Doc. 5 ¶ 33). The date of June 24 appears to be a typographical error as the Police Report is dated June 20, 2024 and the remaining allegations in the Amended Complaint and Police Report reference June 19 and June 20, 2024.

capacity state-law claims; and (2) all official-capacity federal-law claims. In addition, Defendants move the Court for a declaration that all individual-capacity state-law claims are based on discretionary functions and that the First Amended Complaint does not implicate any ministerial functions. Finally, Defendants move the Court to dismiss Plaintiff's derivative claim for punitive damages in connection with her individual-capacity state-law claims. Alternatively, Defendants seek dismissal of Plaintiff's state-law claim for malicious prosecution for failure to state a claim upon which relief can be granted.

Plaintiff does not contest dismissal of and indicates that she will no longer pursue the following claims: (1) Official-capacity federal-law claims against Defendants; (2) Official-capacity state-law claims against Defendants; and (3) A claim for punitive damages against Defendants in regard to state law claims. (*See* Doc. 9 at 7).

**C. Analysis**

The only portion of Defendant's Motion to Dismiss which Plaintiff responded to, and which this Court now addresses is Defendants' argument that "Plaintiff's state-law claims against Defendants in their individual capacities are based entirely on their discretionary functions and do not implicate any ministerial functions." Plaintiff disputes this assertion. (*See* Doc. 8 at 9–11; Doc. 9 at 7).

Presumably for purposes of a future argument that Defendants are entitled to official immunity with respect to Plaintiff's state law claims for false arrest, false imprisonment, and malicious prosecution, Defendants state that for purposes of their Motion to Dismiss, they assume the Amended Complaint adequately alleges actual malice or actual intent to cause injury. (Doc. 8 at 9). However, Defendants contend they are entitled to a declaration at this time that all individual-capacity claims against them are based on discretionary functions and that the Amended Complaint does not implicate any ministerial functions. (*Id.*). Defendants argue that the questions of whether their actions were discretionary or ministerial is a legal question for the court. (*Id.* at 11 (quoting *Kelly v. Lewis*, 471 S.E.2d 583, 586 (Ga. Ct. App. 1996) (stating "[t]he determination of whether the acts or omissions of [defendants] were ministerial or discretionary is a legal question for the court.")). Plaintiff disputes this assertion and argues that her Amended Complaint has provided sufficient factual matter to state a claim for relief that is plausible on its face.

Defendants do not argue in their Motion to Dismiss that they are entitled to official immunity on the state-law claims against them but instead ask that the Court decide only a portion of that issue. Regardless of whether this determination is a legal or factual question, the Court declines to provide an advisory opinion as to whether Defendants' actions were discretionary or ministerial at this time. *Knight v. Fla. Dep't of Corr.*, 936 F.3d 1322, 1338 (11th Cir. 2019) (stating "it is quite clear that the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions."). Defendants have not moved the Court to dismiss Plaintiff's state law claims because Defendants have official immunity. The Court would indeed address the issue of discretionary function as a question of law in addressing the official immunity issue. The Court declines to address the discretionary function issue apart from a motion on the issue of official immunity. Essentially, Defendants ask the Court what its opinion is of discretionary function, if Plaintiff's claims are challenged on the ground of official immunity. Therefore, Defendants' Motion to Dismiss is **DENIED** as to their request for a declaration that Defendants' actions, as alleged, were discretionary.

## IV. CONCLUSION

Upon full review of the pleadings, the Parties' briefs, and the Record in this matter, and for the reasons stated above, Defendant's Motion to Dismiss as to Plaintiff's First Amended Complaint and Incorporated Memorandum of Law in Support (Doc. 8) is **GRANTED IN PART and DENIED IN PART**. The Motion to Dismiss is **GRANTED** to the extent that the following claims are **DISMISSED**: Plaintiff's (1) Official-capacity federal-law claims; (2) Official-capacity state-law claims; and (3) state law claim for punitive damages. The Motion to Dismiss is **DENIED** in all other respects.

Thus, the following claims remain pending against Defendants:

Count 1: Individual capacity state law claims for false arrest, false imprisonment, and malicious prosecution.

Count 2: Individual capacity federal law claims for violation of Plaintiff's rights under the Fourth and Fourteenth Amendments.

Count 3: Plaintiff's claim for general damages (Count 3(A)), punitive damages as to Plaintiff's federal law claims only (Count 3(B)), and a claim pursuant to 42 U.S.C. § 1988 for an award of reasonable attorneys' fees and costs of litigation (Count 3(C)).

**SO ORDERED**, this 17th day of August 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**